·the supreme court of the United States said in announcing their decision in a similar case: "It is true that cases of hardship and even absurdity may be supposed to grow out of this decision; but, on the other hand, if, by a sale, it is put in the power of an offender to purge a forfeiture, a state of things not less absurd will certainly result from it. When hardships shall arise, provision is made by law for affording relief under authority much more competent to decide on such cases than this court ever can be. In the eternal struggle that exists between the avarice, enterprise, and combination of individuals on the one hand, and the power charged with the administration of the law on the other, severe laws are rendered necessary to enable the executive to carry into effect the measures of policy adopted by the legislature."

Decree accordingly.

## Case No. 15,096.

UNITED STATES v. FIFTY THOUSAND CIGARS.

[See Case No. 4,782.]

## Case No. 15,097.

UNITED STATES v. FIFTY-THREE BALES OF RAGS.

[19 Alb. Law J. 60.]

District Court, D. Massachusetts. Jan. 7, 1879.

CUSTOMS DUTIES—FORFEITURE—CLAIM OF RAILROAD FOR FREIGHTAGE.

The case of the United States against Fifty-Three Bales of Rags, decided by the United States district court for Massachusetts, was an information under Rev. St. § 3082, against certain bales of rags as having been clandestinely imported and brought from Montreal into some part of the state of New York without having been entered at the custom house and without payment of duties. The jury found most of the goods to be liable to forfeiture, and they were condemned and sold. The Boston & Lowell Railroad Company, from whose custody the goods were taken by the marshal, petitioned for the payment of $47.36 from the proceeds of the sale. This was claimed to be freight due for the transportation of the goods to Boston by the petitioners and connecting roads, all of whom were entirely innocent of the fraud on the government.

THE COURT held that smuggled goods were absolutely forfeited, and no intervening rights even of a bona fide purchaser could prevail against the title of the government which relates back to the illegal act. The goods were, at the time of their transportation, ·the property of the United States, and by the common law a carrier has no lien as against the true owner for the carriage of goods intrusted to him by one who had no authority to contract for the service.

## Case No. 15,098.

UNITED STATES v. FIFTY-THREE BOXES OF HAVANA SUGAR.

UNITED STATES v. TWENTY-NINE AND ONE-HALF BOXES OF SUGAR.

[2 Bond, 346.] 1

District Court, S. D. Ohio. Feb. Term, 1870.

CUSTOMS DUTIES — UNDERVALUATION — SUGARS — FALSE GRADE—FALSE ENTRY—SMUGGLING —INNOCENT PURCHASER.

1. The consignee of goods, wares, or merchandise subject to duty, imported into the United States at an alleged fraudulent undervaluation, who has no knowledge of such fraud, and who, in good faith, makes advances to the consignor, and incurs expenses in the storage and management of the property, occupies the position of a bona fide purchaser, and his title will be protected.

2. A bona fide purchaser of such property, before the United States has elected whether to proceed for a forfeiture or sue for the value of the property, will hold the same as against the government claiming a forfeiture for fraud in the importation.

3. The fraudulent entry of goods at less than their actual value subjects them to forfeiture under section 1 of the act of congress of March 3, 1863 [12 Stat. 737], but that section, to constitute such a fraudulent entry as will subject the goods to forfeiture, requires that the entry should have been knowingly made on a false invoice.

4. Where the United States claim the forfeiture of sugars, on the ground that they were entered as of a grade which subjected them to a duty of three cents per pound, when they were of a grade subjecting them to five cents per pound, it must appear, by the evidence, that the importer had knowledge of the false grade, and that a fraud was intended; and, if this guilty knowledge and intent are negatived by the evidence, there is no ground for a judgment of forfeiture.

5. The entry of property at a custom-house, at a false valuation, does not subject it to forfeiture under section 4 of the act of July, 1866 [14 Stat. 179], "to prevent smuggling, and other purposes;" the scope and intent of said section being to prevent the clandestine introduction of property into the United States, to evade the payment of duties, known as smuggling, in the accepted sense of that term; and does not apply to a false entry at a custom-house.

At law.

Warner M. Bateman, Dist. Atty., and Lewis H. Bond, for the United States.

King, Thompson & Avery and Collins & Herron, for claimants.

LEAVITT, District Judge. As these cases present substantially the same questions, they have been submitted together, and do not require a separate consideration. In the first named of these cases, one hundred and twenty-three boxes of sugar were seized, by order of the collector, at Cincin-

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]